**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 15-1047

In re: RED ROCK SERVICES, CO, LLC,
Debtor

ROBERT H. HOLBER, Chapter 7 Trustee of Red Rock Services Co., Inc.

v.

SUFFOLK CONSTRUCTION COMPANY, INC.,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-13-cv-00784)
District Judge:  Honorable Eduardo C. Robreno

Submitted under Third Circuit LAR 34.1(a)
on October 29, 2015

Before: GREENAWAY, JR., SCIRICA and ROTH, <u>Circuit Judges</u>

(Opinion filed:  March 10, 2016)

OPINION*

ROTH, <u>Circuit Judge</u>

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Suffolk Construction Co. challenges the District Court's ruling, affirming the orders of the U.S. Bankruptcy Court for the Eastern District of Pennsylvania in an adversary proceeding with Red Rock Services Co., represented by the Chapter 7 bankruptcy trustee, Robert H. Holber (Red Rock). Suffolk also challenges the District Court's affirmance of the Bankruptcy Court's attorneys' fees award. We will affirm the order of the District Court.

## I.

The factual circumstances of this matter are long, intricate, and ably set forth in the opinion of the District Court. Since we write only for the parties, the following is an abbreviated version of the relevant factual circumstances necessary for the resolution of the instant appeal. Suffolk is a general contractor and, until it declared bankruptcy, Red Rock was a demolition services contractor. At issue in this appeal are two contracts between Suffolk, as general contractor, and Red Rock, as subcontractor. Each contract pertained to a distinct project, one involving the conversion of a grain silo to condominiums in Baltimore, Maryland (the Silo Point contract), and one involving the rehabilitation of a federal office building in Boston, Massachusetts (the McCormack contract). Red Rock began demolition services under both contracts and failed to finish either one.

At the Silo Point project, the problems began when one of the vertical storage bins in the silo "detached and fell to a floor below, damaging a portion of the building." The damage caused Red Rock to change its methods for demolition, resulting in substantially

increased expense. Red Rock's contract with Suffolk required Red Rock to notify Suffolk if it planned to seek an alteration to the contract, referred to as a change order, within ten days of an event giving rise to a claim for a deadline extension or an increase in compensation.

It is undisputed that Red Rock did not notify Suffolk within ten days of its intent to seek a change order. Nevertheless, Red Rock did notify Suffolk on December 20, 2006, and over the next seven months Suffolk worked with Red Rock to prepare a change order request for the owner of the project. This effort culminated in the submission to the owner in July 2007 of Change Order No. 3. The owner rejected Change Order No. 3 as untimely. Shortly thereafter, Suffolk notified Red Rock that it was in default on the subcontract.

At the same time, Suffolk also contracted with Red Rock for demolition services in connection with the McCormack project. On that project, Red Rock fell behind on various deadlines and failed to complete certain contractual duties. Consequently, on April 9, 2007, Suffolk notified Red Rock that it was in default and terminated the contract two days later. Suffolk hired a second contractor to complete the work, but that contractor lacked competence which resulted in significantly increased costs. Ultimately, Suffolk hired a third contractor to complete the work begun by Red Rock.

Red Rock filed for bankruptcy protection in the Eastern District of Pennsylvania on September 13, 2007, one week after it received Suffolk's default notice on the Silo Point project. As part of that proceeding, Suffolk filed a proof of claim, alleging that it was owed damages for Red Rock's alleged breach of the Silo Point and McCormack

3

contracts. Red Rock instituted an adversary proceeding against Suffolk, claiming that, to the contrary, Red Rock was owed money by Suffolk for Red Rock's performance on the contracts. Prior to trial, Red Rock voluntarily dismissed its claims as to the McCormack project, but not as to the Silo Point project.

In May 2011, the Bankruptcy Court held an eight-day bench trial. Before the bench trial, Suffolk moved *in limine* to exclude the testimony of Red Rock's expert witness on damages as to the McCormack project. Suffolk claimed that the expert was an improper rebuttal witness since he was not expected to testify in Red Rock's case-in-chief. The Bankruptcy Court denied the motion.

Following trial, the Bankruptcy Court (1) awarded damages to Red Rock for Suffolk's breach of the Silo Point contract, (2) awarded damages to Suffolk for Red Rock's breach of the McCormack contract, and (3) allowed Suffolk to offset its award against Red Rock's, resulting in a net recovery for Red Rock. The Bankruptcy Court subsequently ruled on the parties' motions for attorneys' fees and costs, finding that each contract had an identical attorneys' fees provision mandating the award of reasonable attorneys' fees to the "prevailing party in any dispute" between the parties. The Bankruptcy Court held that Suffolk had prevailed as to the McCormack contract and Red Rock had prevailed as to the Silo Point project. Since the Bankruptcy Court found that neither party had differentiated in their motions between the fees and costs incurred as to each contract—each had submitted only an aggregate accounting—the Bankruptcy Court granted both parties the full amount of their requested fees. In total, after the breach of

4

contract awards, the offsets, and the attorneys' fees awards, the Bankruptcy Court entered

judgment for $934,458.95 in favor of Red Rock.

**II.**

The District Court had jurisdiction over this bankruptcy appeal pursuant to 28

U.S.C. § 158(a)(1). We have jurisdiction over this appeal from the District Court's

judgment pursuant to 28 U.S.C. § 158(d)(1). Our review of the District Court's decision,

in which it functioned as an appellate court to the Bankruptcy Court, is plenary.[1] We

review the courts' legal conclusions de novo and the Bankruptcy Court's factual finding

for clear error.[2] We review the trial judge's decisions on whether to exclude testimony

and the award of attorneys' fees for abuse of discretion.[3]

**III.**

Suffolk raises six challenges to the District Court's decision affirming the

Bankruptcy Court. Suffolk challenges (1) the Bankruptcy Court's jurisdiction of the state

law claim, (2) its holding that Red Rock did not waive its right to seek a change order on

the Silo Point contract, (3) its holding that Suffolk should be collaterally estopped from

challenging the validity or timeliness of the change order, (4) its holding that Suffolk

waived any challenge to the change order, (5) its decision denying Suffolk's motion *in

limine* regarding Red Rock's damages expert (6) its award of attorneys' fees to Red Rock

---

[1] *In re Exide Technologies*, 607 F.3d 957, 961–62 (3d Cir. 2010).
[2] *Id.* at 962; *see In re Lazy Days' RV Center Inc.*, 724 F.3d 418, 421 (3d Cir. 2013).
[3] *Coalition to Save Our Children v. State Bd. of Educ. of State of Del.*, 90 F.3d 752, 775 (3d Cir. 1996) (referring to standard for ruling on exclusion of expert testimony); *Krueger Assocs., Inc. v. Am. Dist. Telegraph Co. of Penn.*, 247 F.3d 61, 69 (3d Cir. 2001) (referring to standard of review for attorneys' fees determination).

following a lodestar method, and (7) its award of full attorneys' fees requested by each party.

As to the Bankruptcy Court's authority to decide the state law claim in view of the Supreme Court's decision in *Stern v. Marshall*,[4] the District Court correctly found that any state law claims were inextricably interlinked with the claims flowing from the adversary proceeding and, consequently, from the federal bankruptcy statutory regime. This matter is not, as in *Stern*, a case where there is only "some overlap between" the bankruptcy claims and the state law claims;[5] the question of whether the contracts had been breached had to be resolved as part of the process of determining whether Suffolk had a valid claim against the bankruptcy estate or Red Rock was owed money by Suffolk. Therefore, the Bankruptcy Court had jurisdiction to enter a final judgment on both sets of claims.

On the issue of equitable estoppel, it was not clearly erroneous for the Bankruptcy Court to find Suffolk's conspicuous silence during continued negotiations regarding the change order at issue—and Suffolk's active assistance in the revision and submission of the change order—to be a voluntary representation for equitable estoppel purposes.

Moreover, there cannot be any real dispute that Red Rock relied to its detriment on Suffolk's representation regarding the change order. There is ample evidence in the record that Red Rock altered the way it conducted demolition at the Silo Point project, at

---

[4] 131 S. Ct. 2594 (2011)
[5] *Id.* at 2617.

6

great expense, and that it would not reasonably have done so had it known that Suffolk considered the change order invalid as untimely.

As for waiver, whether a party waived a right in a contract action is determined by examining "the party's actions both *before* and *after* the alleged breach" of the contract.[6] Such a waiver must be "'clearly established and will not be inferred from equivocal acts or language.'"[7] Had Suffolk intended to act upon its contractual right to deny such a change order as untimely due to Red Rock's failure to adhere to the ten-day notice provision, the time to do so was when Red Rock first indicated it was planning to submit such a change order. In *Hovnanian Land Investment Group, LLC*, the Maryland Court of Appeals, drawing on a long line of equity cases, noted that "a party who remains silent 'may have so conducted himself as impliedly to assure the [other party] that he does not object, and the [other party] may have built upon that assurance.'"[8] We agree with the District Court's finding that Red Rock did not waive its right to seek a change order and Suffolk did waive its right to rely upon the ten-day notice period.

Suffolk next challenges the Bankruptcy Court's denial of Suffolk's motion *in limine* to exclude Red Rock's expert's testimony on the costs incurred by Suffolk after Red Rock breached the McCormack subcontract. Suffolk alleges that because Red Rock's expert did not testify during Red Rock's case-in-chief, the expert was subject to

---

[6] *Hovnanian Land Inv. Grp., LLC v. Annapolis Town Centre at Parole LLC*, 25 A.3d. 967, 984 (Md. 2011)..
[7] *Woznicki v. GEICO Gen. Ins. Co.*, 115 A.3d 152, 167 (Md. 2015) (quoting *Myers v. Kayhoe*, 892 A.2d 520, 531 (Md. 2006)).
[8] *Hovnanian*, 25 A.3d at at 980 (quoting *Pumphrey v. Pelton*, 245 A.2d 301, 305 (Md. 1968)).

the limitations imposed by Federal Rule of Civil Procedure 26(a)(2)(D)(ii), which applies in bankruptcy adversary proceedings.[9] However, as the District Court pointed out, Red Rock had no surviving claims regarding the McCormack subcontract, since it had dismissed its counterclaims by stipulation prior to trial. Red Rock was properly identified as the defendant regarding Suffolk's surviving McCormack project claims. Thus, Red Rock's expert did testify in Red Rock's case-in-chief as to those claims. Moreover, even assuming that Red Rock's testimony had been in Red Rock's "rebuttal," it was used to directly contradict Suffolk's damages presentation regarding the McCormack contract, making the testimony proper even if it were to be limited as rebuttal expert testimony. There was no error in denying Suffolk's motion *in limine* and admitting the testimony of Red Rock's damages expert.

Finally, Suffolk challenges the Bankruptcy Court's awarding of attorneys' fees on two grounds: (1) that Red Rock's fee request for Herrick Feinstein should be limited to a contingency fee arrangement proposed at the outset of the litigation and (2) that each party should recover only the attorneys' fees applicable to the matter on which that party prevailed.

As the Bankruptcy Court pointed out, the contingent fee arrangement was never approved by the Bankruptcy Court and the issue of fees was expressly reserved by the Bankruptcy Court until after the litigation had concluded. Therefore, the Bankruptcy Court was not bound by the fee arrangement. Because the court found that "the underlying litigation was factually and legally complex as well as extremely time

---

[9] Fed. R. Bankr. P. 7026.

8

consuming," it was appropriate to compensate Herrick Feinstein based on the lodestar method.

As for the Bankruptcy Court's allowance of both parties' fees in their entirety, each contract contained the same provisions: "The prevailing party in any dispute shall be entitled to recover its reasonable attorneys' fees, expert consultation fees and costs incurred in the course of such dispute from the date of a request for mediation through conclusion by trial or arbitration, including any appeals."

The Bankruptcy Court concluded that Red Rock was the prevailing party on the Silo Point contract and Suffolk was the prevailing party on the McCormack contract. However, the parties' submissions for fees were not appropriate. As the Bankruptcy Court found, they both failed to itemize and categorize "their fees and costs by the dispute to which they relate." This made it impossible for the court "to craft an award that includes only the fees and costs that relate to the dispute on which each party prevailed."

Suffolk suggested to the court that 60% of the parties' total fees and costs related to the McCormack dispute and 40% related to the Silo Point dispute. The court rejected this approach because it was not supported by the record, "which is totally silent regarding the percentage of fees and costs associated with each dispute." The court also noted that, although the parties argued that the attorney fees were not reasonable, neither one presented any evidence at the hearing on the reasonableness of the fees. The court stated, "I heard no evidence from either party about rates, number of hours, lack of

9

necessity for taking certain actions, or any other aspect of their fee applications." The court found that neither party established the unreasonableness of any fees.

The court then awarded the fees and costs as requested, noting that they were "reasonable, given the factual and legal complexities of this case, the high level of skill required to try this case properly and efficiently, the amounts involved in this dispute, and the great amount of time required to litigate this case to its present posture."

In light of the fact that the parties were aware of the "prevailing party" provisions in the contracts but failed to itemize or categorize their fee requests by the matter in which the fees were incurred and that the Bankruptcy Court found that the fee and costs requests were reasonable, we conclude that it was not an abuse of discretion for the court to grant the fees and costs as requested by both parties.

**IV.**

For the foregoing reasons, we will affirm the District Court's order, affirming the Bankruptcy Court's orders of March 15, 2013 and January 2, 2013.